73 F.3d 376
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 RITE-HITE CORPORATION, ACME Dock Specialists, Inc., Allied
Equipment Corp., Applied Handling, Inc., Anderson Material
Handling Co., Block-Dickson, Inc., Robert Lund d/b/a HMH
Company, HOJ Engineering & Sales Co., Inc., Johnson
Equipment Co., Johnl & Associates, Inc., Keller Equipment
Co., Inc., Loading Dock Equipment, Inc., Metro Dock
Specialists, Inc., McCormick Equipment Company, Inc.,
Mid-South Dock Systems, Inc., Harry Monohan, Niehaus
Industrial Sales, Inc., Northway Material Handling Co.,
Inc., Pemco Material Handling, Inc., R.B. Curlin, Inc., Rice
Equipment Company, Stokes Equipment Company, Inc., Robert
Soper Limited, Timbers & Associates, Inc., Todd Equipment
Corporation, Thayer Systems, Inc., and W.E. Carlson
Corporation, Plaintiffs/Cross-Appellants,
v.
KELLEY COMPANY, INC., Defendant/Appellant.
 No. 92-1460.
 United States Court of Appeals, Federal Circuit.
 Oct. 27, 1995.
 
 Before NIES, Circuit Judge, SMITH, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ORDER
 NIES, Circuit Judge.
 
 
 1
 By this appeal, Kelley challenges the amount of costs awarded to Rite-Hite by the district court. On June 15, 1995, this court rendered its decision in Appeal Nos. 92-1206 and 92-1260 affirming-in-part and reversing-in-part the judgment of the district court respecting damages. The mandate in that proceeding was stayed, however, pending possible Supreme Court review. On October 2, 1995, the Supreme Court declined Kelley's petition for certiorari.
 
 
 2
 The district court awarded costs in connection with matters on which Kelley prevailed on appeal. The award of costs is, accordingly, vacated and remanded to the district court for redetermination in accordance with the judgment of this court on the merits. Otherwise, we express no opinion on the issues raised in this appeal. Kelley may renew its objections to any types of costs or the amounts awarded on redetermination.
 
 VACATED AND REMANDED